**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**William Charles GRUMMEL, Jr.,
Defendant-Appellant.**

No. 76–1927.

United States Court of Appeals,
Ninth Circuit.

Sept. 27, 1976.

Rehearing Denied Nov. 19, 1976.

Certiorari Denied Jan. 10, 1977.
See 97 S.Ct. 763.

A. Stevens Quigley (argued), Seattle, Wash., for defendant-appellant.

Charles Pinnell, Asst. U. S. Atty., Seattle, Wash., for plaintiff-appellee.

Before HUFSTEDLER and CHOY, Circuit Judges, and KING,* District Judge.

PER CURIAM:

This is an appeal from a conviction on two counts of possession of heroin with intent to distribute in violation of 21 U.S.C. § 812.

*Facts and Proceedings Below*

On September 25, 1972, federal agents were issued a federal search warrant authorizing the interception and inspection of a mail parcel addressed to appellant. The parcel was searched and found to contain heroin. The package was resealed and surveilling agents were dispatched to the Grummel residence.

At 11:45 a. m. on September 26, 1972, agents observed appellant pick up the parcel and return home. The agents waited ten minutes, then approached the residence and knocked on the front door. When appellant opened the door, the agents entered and placed him under arrest.

Agents inspected the upstairs rooms and found appellant's mother. She asked the agents to leave after learning that they did not have a search warrant.

Appellant was removed from the premises and an agent was dispatched to apply for a search warrant. The remaining agents gave his mother the choice of letting them stay inside the home or securing the home and waiting with the agents outside until a search warrant was obtained. She chose to wait inside.

The affidavit submitted in application for the search warrant recited the interception of the package and its entry into the home via appellant. Although it was noted that the parcel was not in plain view inside the house, no other part of the affidavit was based on the inspection of the residence following appellant's arrest. When agents returned two hours later with the search warrant, the open parcel was found in an upstairs room and seized.

Appellant was charged with two counts of possession with intent to distribute heroin, a controlled substance under Schedule I, 21 U.S.C. § 812. Before trial, the district court denied defense counsel's motion to suppress the evidence seized. At trial, defense counsel had appellant's mother testify that her son had a previous narcotics con-

viction and had served time in a California prison.

The jury returned a verdict of guilty on both counts. Appellant was sentenced to concurrent terms of five years in prison.

*Issues Presented*

I. Should the heroin parcel have been suppressed?

II. Was appellant denied effective assistance of counsel?

III. Was heroin a controlled substance on September 26, 1972?

I. *Should the heroin parcel have been suppressed?*

■ Appellant argues that the inspection of the premises made by federal agents immediately after and incident to his arrest constituted an unreasonable search and therefore all the evidence seized should have been suppressed. He is probably right as to the unreasonableness of that search, but it does not follow that the heroin parcel should be suppressed.

The conduct complained of produced no evidence. The record shows and the trial court ruled that the only evidence seized was that obtained in the subsequent search, a search made pursuant to a lawful search warrant. Since the validity of this warrant is uncontested, appellant fails to connect the evidence seized with any alleged misconduct.

Appellant argues that the agents should have "laid seige" to the premises and awaited the arrival of the search warrant before entry. In *United States v. McLaughlin*, 525 F.2d 517, 521 (9th Cir. 1975), this court stated:

> The officers . . . could take their chances with respect to the destruction of the evidence, obtain reinforcements, and settle in for several hours of seige while awaiting the arrival of the warrant, or move quickly to arrest the occupants and to secure the premises and the evidence while awaiting the arrival of the warrant. We cannot accept the view that the

Fourth Amendment requires that the officers pursue the former course.

Here as in *McLaughlin*, the warrantless entry, insofar as the trial was concerned, went no further than to effectuate the arrest and secure the premises to the extent necessary to prevent destruction of the evidence until a warrant could be obtained.

II. *Was appellant denied effective assistance of counsel?*

■ Appellant argues that he was denied effective assistance of counsel because his prior narcotics conviction was elicited from his mother by defense counsel.

Examination of defense counsel's opening and closing statements to the jury shows that this was done to improve the credibility of appellant's mother in the eyes of the jury. She was the sole defense witness and the gist of her testimony was that defendant was not involved with narcotics at the time of his arrest. To bolster this testimony, she explained that she had known before when her son was involved with drugs and therefore she would be certain to know when and if he became involved with drugs again.

In *Mengarelli v. U. S. Marshal*, 476 F.2d 617, 619 (9th Cir. 1973), this court stated:

> Where counsel otherwise performs in a fully competent manner, a choice of trial tactics, even though deemed unwise in retrospect, can rarely be said to rise to the level of a deprivation of a constitutional right.

This case does not rise to such a level. The appellant has failed to demonstrate that assistance of counsel resulted in a denial of fundamental fairness. *See United States v. Elksnis*, 528 F.2d 236, 238 (9th Cir. 1975); *Smith v. United States,* 446 F.2d 1117, 1119 (9th Cir. 1971).

III. *Was heroin a controlled substance on September 26, 1972?*

■ 21 U.S.C. § 812(a) (1971) provides as follows:

> The schedules established by this section shall be updated and republished on a semi-annual basis during the two-year pe-

riod beginning one year after the date of this subchapter and shall be updated and republished on an annual basis thereafter.

The schedules were republished on May 12, 1972, January 8, 1973, March 30, 1973, and June 20, 1974, but not since.

Appellant contends that the entire controlled substances statute lapses whenever there is a failure to republish the schedules at the required times. This argument has been rejected by both the Seventh and Tenth Circuits and is rejected here as well.

In *United States v. Infelice*, 506 F.2d 1358, 1364 (7th Cir. 1974), the court interpreted the quoted provision of 21 U.S.C. § 812 as mandating that the schedules be republished on April 27, 1972, eighteen months after the enactment of this subchapter. The court conceded that the republication on May 12, 1972 was approximately two weeks late, but refused to void the statute on this basis. The violations in question had occurred before there was an obligation to republish; heroin therefore remained a controlled substance and the indictment stated an offense still punishable by law.

In *United States v. Mundt*, 508 F.2d 904, 908 (10th Cir. 1974), the defendant contended that cocaine was not a controlled substance because the May 12, 1972 republication was late. The court ruled that this contention lacked merit because cocaine was a controlled substance on the date of defendant's arrest (May 27, 1972) by virtue of the May 12, 1972 republication.

The defendant-appellant in the case at bar was arrested on September 25, 1972. This is within a six-month period of both the actual date of republication (May 12, 1972) and the prescribed date for republication (April 27, 1972). Heroin was therefore a controlled substance and the indictment did not fail to state a claim still punishable by law. *Hotch v. United States*, 208 F.2d 244, 14 Alaska 574 (9th Cir. 1953), relied on by appellant, involved a conviction for fishing in violation of a regulation which had not been published at all, and is thus clearly distinguishable.

*Conclusion*

The judgment of the district court is affirmed.