UNITED STATES of America, Plaintiff,

v.

Clemente LUNA, Defendant.

No. CR–90–0392 EFL.

United States District Court, N.D. California.

July 11, 1991.

## MEMORANDUM OPINION

LYNCH, District Judge.

### I. INTRODUCTION

In this memorandum opinion the Court addresses the issue of who bears the burden of proof when a defendant convicted of an offense involving greater than five kilograms of cocaine and facing enhanced punishment pursuant to Title 21 U.S.C. section 841(b)(1)(A) on account of prior convictions challenges one of the prior convictions on grounds that he was convicted pursuant to a plea of guilty into which he did not knowingly and voluntarily enter. For the reasons set forth below, the Court concludes that such a defendant bears the burden of proving by a preponderance of evidence that such a prior conviction should not be utilized to enhance his punishment.

### II. BACKGROUND

On July 18, 1990, defendant was charged by indictment with two counts of possession of cocaine with intent to distribute, 21 U.S.C. § 841(a)(1), one count of possession of heroin with intent to distribute, 21 U.S.C. § 841(a)(1), and one count of conspiracy to possess cocaine with intent to distribute, 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1). On December 11, 1990, the government, in order to enhance defendant's punishment in the event of conviction, filed an information charging that defendant had previously been convicted of three cocaine-related federal felonies on January 19, 1977,[1] and had previously been convicted of a cocaine-related California felony on July 7, 1987.[2]

On January 2, 1991, defendant was brought to trial on the four counts charged in the indictment dated July 18, 1990. On January 7, 1991, at the close of the government's case, two counts against defendant

Sandra L. Teters and Laurie K. Gray, Asst. U.S. Attys., San Francisco, Cal., for plaintiff.

J. Tony Serra, San Francisco, Cal., for defendant.

1. The government charged in its information that defendant was convicted in the District of Arizona on January 19, 1977, of one count of conspiring to import cocaine, 21 U.S.C. § 963, one count of conspiring to possess with intent to distribute cocaine, 21 U.S.C. § 846, and one count of possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1). Defendant does not challenge the government's charge that he was validly convicted of these offenses in 1977.

2. The government charged in its information that defendant was convicted in California Superior Court on July 7, 1987, of one count of possession of cocaine, Cal.H. & S.Code § 11350(a). Defendant contends that this conviction should not be utilized to enhance his punishment.

were dismissed for lack of evidence. On January 10, 1991, a jury found defendant guilty of one count of possession of cocaine with intent to distribute, 21 U.S.C. § 841(a), and one count of conspiracy to possess cocaine with intent to distribute, 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1). If the prior convictions charged in the information are valid, defendant's most recent conviction will probably lead to a sentence of life in prison without possibility of release pursuant to section 841(b)(1)(A).[3]

On April 24, 1991, defendant filed papers in which he challenged his 1987 cocaine-related conviction. Defendant alleged that he was convicted pursuant to a plea of guilty, that he did not speak or understand the English language at the time, that he was not provided with an interpreter and that consequentially he did not knowingly and voluntarily enter into his plea of guilty as is required under the cases of *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) and *In re Tahl,* 1 Cal.3d 122, 81 Cal.Rptr. 577, 460 P.2d 449 (1969).

Defendant's claim triggers the provisions of Title 21 U.S.C. section 851 ("section 851") which sets forth the procedures under which one may challenge prior convictions that the government charges should be utilized to enhance punishment pursuant to Title 21 U.S.C. section 841(b)(1)(A). Unfortunately, section 851 is anything but a model of clarity. Title 21 U.S.C. section 851(c)(1) ("paragraph (1)") provides in pertinent part:

> If the person denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid, he shall file a written response to the information. *Except as otherwise provided in paragraph (2) of this subsection, the United States attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact.*

21 U.S.C. § 851(c)(1) (emphasis added). Title 21 U.S.C. section 851(c)(2) ("paragraph (2)") provides in pertinent part:

> A person claiming that a conviction alleged in the information was obtained in

violation of the Constitution of the United States shall set forth his claim, and the factual basis therefore, with particularity in his response to the information. *The person shall have the burden of proof by preponderance of the evidence on any issue of fact raised by the response....*

The Court and the parties have located no published opinions addressing who bears the burden of proof under Title 21 U.S.C. section 851(c) ("section 851(c)"). Of course, defendant has argued that paragraph (1) applies and that the government accordingly bears the burden of proving beyond a reasonable doubt that defendant's 1987 conviction should be utilized to enhance defendant's punishment. Of course, the government, on the other hand, has argued that paragraph (2) applies and that defendant accordingly bears the burden of proving by a preponderance of the evidence that the 1987 conviction should not be utilized to enhance defendant's punishment. The parties have had a chance to fully brief and orally argue their positions, and the Court, having considered the oral arguments and papers submitted by the parties, is now prepared to rule.

## III. DISCUSSION

█ The Court's initial task is to determine whether the meaning of the statute is plain from the statutory language on its face. *See Ex parte Public Nat'l Bank,* 278 U.S. 101, 104, 49 S.Ct. 43, 44, 73 L.Ed. 202 (1928). The text of section 851(c) provides that the government bears the burden of proof when one claims that his prior conviction "is invalid" "except" when he claims that his prior conviction "was obtained in violation of the constitution" in which case the defendant bears the burden of proof. The terms "invalid" and "in violation of the constitution" are broad, somewhat vague and arguably synonymous. Accordingly, the Court finds that the meaning of the statute is anything but plain on its face, and the Court must resort to other indicators of the meaning of section 851(c).

---

**3.** Such a sentence is also predicated on a finding that defendant's most recent conviction "involved" more than five kilograms of cocaine. 21 U.S.C. § 841(b)(1)(A)(ii)(I).

Defendant argues that the Court should rely on our nation's jurisprudential tradition of resolving all doubts in favor of the accused. Defendant would have the Court treat "invalid" and "in violation of the Constitution" as synonymous. If the Court treated these terms as synonymous and if the Court were to resolve the resulting conflict between paragraph (1) and paragraph (2) in defendant's favor as defendant argues, the government would always bear the burden of proof by a standard of beyond a reasonable doubt. To adopt such an interpretation of section 851(c), however, would render paragraph (2) nugatory, a result that would be disfavored as a rule of statutory construction. *See Marsano v. Laird*, 412 F.2d 65, 70 (2d Cir.1969) ("An interpretation which emasculates a provision of a statute is not to be preferred."). Accordingly, the Court must reject defendant's interpretation of section 851(c).[4]

Section 851(c) sets forth a rule and then carves out an exception thereto. In the Court's opinion, therefore, the only logical way to read section 851(c) is to consider challenges to prior convictions on grounds that the prior conviction is invalid ("invalidity challenges") as a set of challenges that encompass all challenges to prior convictions and to consider challenges that the prior conviction is "in violation of the constitution" ("constitutional challenges") as a subset thereof. Having determined that invalidity challenges constitute a set of challenges and that constitutional challenges constitute a subset thereof, the question becomes how to define a constitutional challenge.

■ For starters, statutory exceptions are to be strictly construed so as to prevent the exception from swallowing the rule. *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493, 65 S.Ct. 807, 808, 89 L.Ed. 1095 (1945). Beyond this rule of construction, however, the Court must turn to extrinsic interpretational aids—that is, the Court must turn to information other than the text of the statute, definitions and rules of construction to assist the Court in properly interpreting the statute. When a court's inquiry takes it beyond the text of the statute, the object of its extratextual inquiry is to determine the intent of Congress at the time that Congress enacted the statute in question. A court should turn first to the legislative history of the statute and then to the public policies in effect at the time of the statute's enactment in attempting to discern the intent of Congress.

■ Section 851(c) was enacted by Congress in 1971 as part of the Comprehensive Drug Abuse Prevention and Control Act of 1970 ("the Act"), Pub.L. 91–513, Title II, § 411, Oct. 27, 1970, 84 Stat. 1269.[5] Unfortunately, the legislative history of the Act leaves few clues as to the intended meaning of section 851(c). All that is clear is that "[the Act] is designed to deal in a comprehensive fashion with the growing menace of drug abuse in the United States ... through [among other methods] providing more effective means for law enforcement aspects of drug abuse prevention and control...." H.R.Rep. No. 1444, 91st Cong., 2d Sess., *reprinted at* 1970 U.S.Code Cong. & Admin.News 4566, 4567. With respect to section 851(c) in particular, the House Report simply states that "[section 851(c)] prescribes the procedure for establishing prior convictions so as to authorize imposition of an increased penalty upon subsequent conviction." *Id.*, U.S.Code Cong. & Admin.News at 4618.

Although the legislative history tells one little other than the purpose of the Act, when one views the legislative history together with statutorily or judicially expressed public policies in effect when the Act was passed, one gets a clearer image of what Congress must have meant by the language it employed. One public policy that was in place at the time of the Act's passage, and to which the Court looks, is the public policy in favor of finality of judgments. That there historically has

---

4. The Court also rejects defendant's interpretation of the statute for additional reasons discussed *infra*.

5. Many provisions of the Act have been amended since 1970. Section 851, however, remains unchanged.

been a public policy in favor of finality of judgments cannot be gainsaid. *See, e.g.,* cases cited in Bator, Finality in Criminal Law and Federal Habeas Corpus for State Prisoners, 76 Harv.L.Rev. 441 (1963) (arguing that use of the writ of habeas corpus should not be unduly expanded and citing numerous cases expressing a public policy in favor of finality of criminal judgments).[6]

The principle of finality in criminal litigation, however, is not without limits. The law sees fit to provide those convicted of criminal offenses with an additional remedy, the writ of habeas corpus, that is available to one subject to government custody even after judgment is final and an appeal has been taken. Congress has codified the writ of habeas corpus for those in the custody of state governments at Title 28 U.S.C. section 2254. Title 28 U.S.C. section 2254 provides that the writ is available to one who "is in custody in violation of the Constitution or laws or treaties of the United States." He who has already been convicted and seeks a writ of habeas corpus, however, bears the burden of proving by a preponderance of evidence that the writ should issue. *Johnson v. Zerbst,* 304 U.S. 458, 468, 58 S.Ct. 1019, 1024–25, 82 L.Ed. 1461 (1938); *Widmer v. Johnston,* 136 F.2d 416, 417–18 (9th Cir.1943).[7]

Given the Act's purpose as expressed in the legislative history, the public policy in effect as of the Act's passage in favor of finality of judgments, and the public policy in effect as of the Act's passage of providing a defendant with a procedure for collaterally challenging a conviction in which the defendant bears the burden of proof, the Court believes that Congress intended the defendant to bear the burden of proof when challenging the constitutionality of the procedures giving rise to a prior conviction that the government charges should be used to enhance punishment. To hold otherwise would require the government to bear the burden of proof by a standard of beyond a reasonable doubt each and every time that a defendant challenged a prior conviction pursuant to section 851. Such a result would fly in the face of the purpose of the Act and public polices in effect at the time that Congress enacted section 851. Accordingly, paragraph (2) applies when a defendant contends that the procedure leading to his prior conviction was constitutionally deficient.

The subset of challenges encompassed by paragraph (2) is admittedly large. Does paragraph (2) render paragraph (1) nugatory? If not, to what challenges does paragraph (2) apply exclusively? In the Court's opinion, the government must still prove beyond a reasonable doubt that a defendant was in fact convicted. The Court believes that the entry into evidence of the judgment from the proceeding leading to the prior conviction will usually suffice unless or until the defendant questions the accuracy or authenticity of the judgment or questions whether he is, in fact, the person to whom the judgment refers. Under such a scheme, the government need not necessarily relitigate a prior proceeding, but the government must bear the burden throughout the sentencing proceeding of proving beyond a reasonable doubt that defendant was in fact convicted of the offense being utilized to enhance defendant's sentence.[8]

---

6. The Court is aware of cases such as *Kaufman v. United States,* 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969), that appear to have questioned the applicability of the principle of finality to criminal litigation. In the Court's opinion, however, *Kaufman* and cases like it did not hold that the public policy in favor of finality of criminal judgments is obsolete or irrelevant, but rather held that the principle of finality will not stand in the way of limited collateral review such as habeas corpus review.

7. The law provides an analogous procedure for *those in the custody of the federal government,* 28 U.S.C. § 2254, in which the defendant bears the burden of proving by a preponderance of the evidence that he should be released from custody. *Sanders v. United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).

8. An analogy might be drawn to the Federal Gun Control Act of 1968 which makes it a crime for one who has previously been convicted of a felony to possess a firearm. 18 U.S.C. § 922(g). An element of the crime that the government must prove beyond a reasonable doubt is that the defendant was in fact previously convicted of a felony. *See, e.g., United States v. Rumney,* 867 F.2d 714, 721 (1st Cir.), *cert. denied,* 491 U.S. 908, 109 S.Ct. 3194, 105 L.Ed.2d 702 (1989) ("A conviction under [former Title 18 U.S.C.A.App. section] 1202(a)(1) requires proof

## IV. CONCLUSION

Although Congress should have drafted section 851(c) with greater precision, the Court giving due regard to the text, to relevant rules of construction and extrinsic interpretational aids, finds that section 851(c) can reasonably be interpreted only as follows: The government bears the burden of proof except when defendant is challenging the constitutionality of the procedure that led to his conviction. If defendant is challenging the constitutionality of the procedure that led to his conviction, defendant bears the burden of proof by a standard of a preponderance of the evidence. Although the exception nearly swallows the rule, the exception does not swallow the rule completely. If the defendant is challenging the accuracy or authenticity of the judgment on its face or challenging whether the judgment applies to him, the government bears the burden of proof by a standard of beyond a reasonable doubt.[9]

Applying section 851(c) to the case at hand, a claim that the plea was not entered into knowingly and voluntarily is a constitutional challenge to the proceedings giving rise to the previous conviction. Defendant is not challenging the government's allegation that defendant was in fact convicted. Rather defendant is claiming that his conviction should not stand because the proceeding leading to his conviction was not in compliance with the Constitution. Under such circumstances paragraph (2) applies, and accordingly, defendant shall bear the burden of proving by a preponderance of evidence that his 1987 plea of guilty was not knowing and voluntary.

IT IS SO ORDERED.

of three elements: (1) the accused is a convicted felon; (2) who knowingly possessed a firearm; (3) which was connected with interstate commerce.").

9. The Court need not address today who bears the burden of proof in the rare case where the validity or invalidity of a conviction is being challenged on grounds that it was obtained in violation of law though not in violation of the Constitution.