**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Guy Frank RUO, Defendant–Appellant.**

**No. 90–5400.**

United States Court of Appeals,
Eleventh Circuit.

Oct. 4, 1991.

John M. Weinberg, Miami, Fla., for defendant-appellant.

Dexter Lehtinen, U.S. Atty., Thomas P. Lanigan, Patricia L. Fahlbusch, Linda Collins Hertz, Anne Ruth Schultz, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before HATCHETT and DUBINA,
Circuit Judges, and WILLIAMS [1], Senior
Circuit Judge.

1. Honorable Jerre S. Williams, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

JERRE S. WILLIAMS, Senior Circuit Judge:

Appellant Guy Frank Ruo pleaded guilty to two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)(1). The court ordered Ruo to serve concurrent sentences of fifteen years incarceration without parole eligibility and three years supervised release for each of the counts. Ruo received enhanced sentences as an "armed career criminal" because he had previously been convicted of more than three violent felonies, as defined by the Armed Career Criminal Act, 18 U.S.C. § 924(e). Ruo now contests these enhanced sentences by arguing that his prior convictions were invalid. We affirm the sentences.

## I.

█ The Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), increases the penalty applicable to certain habitual felony offenders who possess firearms in violation of 18 U.S.C. § 922(g)(1). The ACCA provides in relevant part:

> [A] person who violates section 922(g) of this title and has three previous convictions ... for a violent felony ... shall be ... imprisoned not less than fifteen years ... and such person shall not be eligible for parole with respect to the sentence imposed under this subsection.
> ....
> the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year that ... is burglary, arson, or extortion ... or otherwise involves conduct that presents a serious potential risk of physical injury to another ...

18 U.S.C. § 924(e). The Act is merely a sentence enhancement provision; it does not create a separate offense. *United States v. McGatha*, 891 F.2d 1520, 1527 (11th Cir.), *cert. denied*, —— U.S. ——, 110

S.Ct. 2188, 109 L.Ed.2d 516 (1990). The predicate convictions need not be set out in the indictment nor proved beyond a reasonable doubt at trial, as they are only relevant for recidivist sentencing. *Id.*

Ruo was sentenced as an "armed career criminal" because of fifteen prior state court convictions for burglary and arson. These convictions resulted from guilty pleas entered by Ruo during two separate proceedings held on October 29, 1979 and February 11, 1980. Ruo did not appeal any of these convictions.

The district court relied on these state court convictions in imposing sentence under the ACCA for the two counts of possession of a firearm. Ruo objected to the use of these convictions, arguing that they were invalid because he was under the influence of controlled substances and therefore unable to render knowing and voluntary guilty pleas. Ruo alleged that at the time of those plea hearings he did not understand what was happening because he was in a drug-induced "haze." The district court agreed that Ruo had a long history of drug abuse, but found, after reviewing the 1979 plea colloquy,[2] that Ruo was able to respond to a thorough questioning and was capable of entering an informed plea.

## II.

Ruo challenges the enhancement of his sentences under § 924(e) on two grounds. He first claims that the predicate offenses relied upon by the government are constitutionally invalid. He further maintains that the government has the burden of establishing the constitutional validity of a defendant's prior convictions in order to rely on these convictions for enhancement purposes.

█ This Court has not addressed the specific burden of proof question raised by Ruo.[3] Neither Ruo nor the government

2. The 1980 plea colloquy is not in the record, but it is unnecessary for this case because the 1979 plea colloquy is in the record and contains guilty pleas to 12 different offenses, more than enough to satisfy the ACCA.

3. We did hold in a case involving the original Armed Career Criminal Act that a defendant bears the burden of proving that prior convictions could not be relied upon for sentence enhancement on the ground that they were rendered by a court without jurisdiction. *United*

provides us with case authority definitively disposing of this issue. Ruo refers us to *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), and *United States v. Clawson*, 831 F.2d 909 (9th Cir. 1987), *cert. denied*, 488 U.S. 923, 109 S.Ct. 303, 102 L.Ed.2d 322 (1988). Although *Burgett* supports the proposition that convictions resulting from unconstitutionally obtained guilty pleas cannot be used for sentence enhancement, the opinion offers no insight into the burden of proof question. *Burgett*, 389 U.S. at 115, 88 S.Ct. at 262. The *Clawson* case cited *Burgett* for the proposition that the defendant may collaterally attack prior convictions when faced with a sentence enhancement statute. *Clawson*, 831 F.2d at 914. We note, however, that the *Clawson* court then evaluated the collateral attack by placing the burden on the defendant to prove any constitutional infirmities. *Id.* at 914–15.

Our own research indicates that only the Seventh Circuit has resolved the burden of proof question raised by Ruo. In *United States v. Gallman*, 907 F.2d 639, 643 (7th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1110, 113 L.Ed.2d 219 (1991), the Seventh Circuit addressed the issue in a case with facts mirroring our own. The court held that once the government has shown that a defendant has three prior felony convictions, the burden shifts to the defendant to establish that the convictions were unconstitutional if he or she is to avoid enhancement under § 924(e). *See also United States v. Ferguson*, 935 F.2d 862, 866–867 (7th Cir.1991).

The First Circuit recently considered but declined to answer the burden of proof question in *United States v. Wilkinson*, 926 F.2d 22, 28 (1st Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 2813, 115 L.Ed.2d 985 (1991). In *Wilkinson*, the defendant argued that the government had the burden of proving that he was represented by counsel during the prior conviction proceedings. The court disposed of the claim on the ground that the record contained no indication that the defendant had no counsel. The court held that under these specific circumstances there was sufficient evidence to satisfy the ACCA's requirements "irrespective of how we might eventually decide to allocate the burden of proving (under the ACCA) that an otherwise apparently valid conviction was unconstitutional." *Id.*

We hold in agreement with the decision of the Seventh Circuit in *Gallman*. To avoid sentence enhancement under § 924(e), the burden is properly placed on the defendant raising the challenge to show the constitutional invalidity of the prior convictions. Any given conviction might suffer any of a myriad of constitutional defects. It would approach the absurd to require the government to undertake to prove guilt all over again in every predicate conviction. Yet, that is what the defendant ultimately asks, since, for example, failure to give a fair trial is a constitutional claim. Instead, the government's burden is properly met when it introduces evidence that there are at least three prior violent felony convictions. The defendant must then point out any defects in a particular prior conviction.[4] We hold that Ruo had the burden to prove the constitutional invalidity of his prior convictions.

■ The issue which follows, then, is whether he met that burden in this case. The district court gave Ruo ample opportunity to prove that his state court convictions were the result of invalid guilty pleas. Ruo submitted the plea colloquy from his 1979 state court proceedings and testimony from his brother concerning his drug use during that period. After carefully reviewing this evidence, the district court found

---

States v. Standridge, 810 F.2d 1034, 1039 (11th Cir.), *cert. denied*, 481 U.S. 1072, 107 S.Ct. 2468, 95 L.Ed.2d 877 (1987).

**4.** Procedure under the Sentencing Guidelines provides an appropriate analogy. In computing the defendant's criminal history score, the defendant has the burden to show that prior convictions were unconstitutional. *See* U.S.S.G. § 4A1.2 (Application Note 6). *See also United States v. Luna*, 768 F.Supp. 705 (N.D.Cal.1991) (Defendant has the burden of proving that a prior conviction is constitutionally invalid to avoid the sentence enhancement provisions of 18 U.S.C. § 841.)

that Ruo had entered knowing and voluntary guilty pleas to the prior convictions.

The court recognized that Ruo was not specifically questioned about drug intoxication at the time of the guilty pleas. The court also commented that Ruo probably was a drug abuser during that period of his life. The court concluded, however, that Ruo responded lucidly to a thorough questioning during the plea proceedings, and that his answers indicated that he was fully aware of the offenses charged, the possible punishment, and the rights he was waiving by pleading guilty. The record solidly supports the district court's finding. We hold that Ruo has failed to establish that his prior convictions were the result of invalid guilty pleas. Accordingly, the convictions resulting from these guilty pleas properly served as predicate offenses for enhancement of Ruo's sentences under § 924(e).

### III.

█ Ruo next argues that he did not receive proper notice that the government intended to use his prior convictions to seek an enhanced sentence under the ACCA. It is unclear under our precedent whether such notice is constitutionally required, *see* *McGatha,* 891 F.2d at 1521 n. 2, but we need not decide that issue in this case.[5] Ruo concedes that the government gave notice of "various burglary ... and arson convictions in [the] indictment." Of course, the government listed many more prior convictions in the indictment than the three required by the ACCA. The government also provided further documentation of the prior convictions in its discovery response. Assuming without deciding that the ACCA has a notice requirement, Ruo received adequate notice in this case. *See* *United States v. Hawkins,* 811 F.2d 210, 220 (3d Cir.), *cert. denied,* 484 U.S. 833, 108 S.Ct. 110, 98 L.Ed.2d 69 (1987).

5. Ruo cites *United States v. Pedigo,* 879 F.2d 1315 (6th Cir.1989), for the proposition that the government must give notice of its intent to seek an enhanced sentence under the ACCA. Although the Sixth Circuit in *Pedigo* remanded the case because it could not tell if the defendant received adequate notice of the govern-

*Conclusion*

Today we hold that for purposes of avoiding the enhancement provision of 18 U.S.C. § 924(e), a criminal defendant has the burden of proving the constitutional invalidity of the prior felony convictions used as the predicate offenses for application of the statute. Further, we affirm the holding of the district court that Ruo was not drug impaired or intoxicated at the time of his guilty pleas to the extent of casting doubt upon his guilty pleas. We affirm the sentences of the district court as enhanced under the Armed Career Criminal Act.

AFFIRMED.

ment's intent to use a particular prior conviction, the facts of the case make it distinguishable. In *Pedigo,* the government listed two of the three required violent felonies in the indictment and introduced the third at trial. The Sixth Circuit held that the introduction at trial was insufficient notice. *Id.* at 1319.