990 F.2d 1264
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Gene NICHOLAS, Defendant-Appellant.
 No. 92-30046.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 18, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donald Gene Nicholas appeals his conviction and 180-month sentence after a conditional guilty plea to being an ex-felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Nicholas contends that the district court erred by (1) denying his motion to dismiss the indictment because preindictment delay violated the Fifth Amendment Due Process Clause and (2) enhancing his sentence under the Armed Career Criminal Act (ACCA) based in part on a prior state conviction which resulted from an invalid guilty plea. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Preindictment Delay
 
 
 4
 We review for abuse of discretion a district court's denial of a motion to dismiss an indictment for preindictment delay. United States. Huntley, 976 F.2d 1287, 1290 (9th Cir.1992); United States v. Sherlock, 962 F.2d 1349, 1354 (9th Cir.), cert. denied, 113 S.Ct. 419 (1992).
 
 
 5
 We apply the following two-prong test to determine whether preindictment delay violated the Fifth Amendment Due Process Clause: (1) a defendant must prove that he suffered actual, non-speculative prejudice from the delay; and (2) a defendant must show that the length of the delay, when balanced against the reason for the delay, "offends those 'fundamental conceptions of justice which lie at the base of our civil and political institutions.' " Sherlock, 962 F.2d at 1353-54 (quoting United States v. Lovasco, 431 U.S. 783, 790 (1977)); see also United States v. Valentine, 783 F.2d 1413, 1416 (9th Cir.1986). We have repeatedly "emphasized that protection from lost testimony, as well as other evidence, 'generally falls solely within the ambit of the statute of limitations.' " Huntley, 976 F.2d at 1290 (quoting United States v. Moran, 759 F.2d 777, 782 (9th Cir.1985), cert. denied, 474 U.S. 1102 (1986)); accord United States v. Gonzalez-Sandoval, 894 F.2d 1043, 1050-51 (9th Cir.1990); United States v. Pallan, 571 F.2d 497, 500-01 (9th Cir.1978).
 
 
 6
 Here, on August 11, 1988, Portland Police Officer Timothy Sommerville arrested Nicholas for being an ex-convict in possession of a weapon, failure to appear on a previous theft charge, and escape from the Oregon state penitentiary. The state prosecutor dismissed the case in favor of federal prosecution under the ACCA. On February 28, 1989, a federal complaint was filed charging him with being a felon in possession of a firearm. On April 17, 1989, the government moved to dismiss the complaint without prejudice because it could not seek an enhancement under the ACCA on the basis of Nicholas' prior theft charge, relying on our decision in United States v. Chatman, 869 F.2d 525, 530 (9th Cir.1989) (applying common-law definition of burglary to predicate offense for enhancement under ACCA). A magistrate granted the dismissal motion on April 18, 1989.
 
 
 7
 On March 19, 1991, following the Supreme Court's decision in Taylor v. United States, 495 U.S. 575, 602 (1990) (overruling Chatman ), the government obtained a second indictment charging Nicholas with being a felon in possession of a firearm. On June 14, 1991, Nicholas filed a motion to suppress the evidence, i.e., the firearm. On July 27, 1991, Nicholas filed a motion to dismiss the indictment for preindictment delay in violation of the Fifth Amendment Due Process Clause. The district court denied both motions. Nicholas entered a conditional guilty plea reserving his right to appeal the adverse pretrial motions.[1]
 
 
 8
 Nicholas contends that the 31-month delay between his 1988 arrest and the 1991 federal indictment prejudiced him in violation of the Fifth Amendment Due Process Clause because: (1) Officer Sommerville lacked a good recollection of the events aside from his reliance on the approximately three-year-old incident report; (2) relevant police radio tapes and computer logs had been destroyed, thereby making it impossible to impeach Sommerville's testimony at the hearing on Nicholas' motion to suppress; (3) Nicholas was denied the opportunity to enter a guilty plea to being an ex-felon in possession without the enhancement penalty under the ACCA; and (4) he was prevented from serving his sentence concurrently with several state convictions which he sustained during the delay. These contentions lack merit.
 
 
 9
 a. Faded Memory
 
 
 10
 Here, the district court found that, although Officer Sommerville had to refer to his notes regarding the offense conduct, his testimony was explicit. The record does not indicate how Sommerville would have testified had his memory not dimmed. Nicholas failed to make a non-speculative demonstration that Sommerville's loss of memory meaningfully impaired his ability to defend himself. See Sherlock, 962 F.2d at 1354 (no actual prejudice demonstrated by witnesses' faded testimony, where defendants failed to show that the memory loss impaired their ability to defend themselves); Pallan, 571 F.2d at 501 (similar).
 
 
 11
 b. Lost Police Tapes
 
 
 12
 Regarding the police communication tapes which were routinely destroyed after seven months, Nicholas could only speculate that the information on the tapes would show that Nicholas was not a possible suspect in the state offense for which he was questioned because he did not match the description of the alleged suspect. These weak inferences did not show that the tapes would have been exculpatory. See Huntley, 976 F.2d at 1290 (no actual prejudice demonstrated by lost police tapes, because evidence was unlikely to be exculpatory to the charged offense).
 
 
 13
 c. Shorter Sentence
 
 
 14
 Nicholas further argues that because he was denied the opportunity to enter a guilty plea to being an ex-felon in possession without the enhancement penalty under the ACCA, he received a longer period of imprisonment than he would have received if the government had not dismissed the original indictment. This argument is too speculative to establish actual prejudice. See Valentine, 783 F.2d at 1417 (no actual prejudice demonstrated by defendant's claim that he may have received a shorter sentence).
 
 
 15
 d. Concurrent Sentencing
 
 
 16
 Finally, Nicholas argues that the delay prevented him from serving his sentence concurrently with several state convictions. We note the peculiarity of this argument. Nicholas committed the state offenses between May 1990 and October 1990. Assuming that Nicholas had been indicted, tried, and convicted for the instant offense in 1988, he would have been incarcerated. Thus, it was highly unlikely that he would have been able to commit the state offenses. Notwithstanding this observation, a concurrent sentencing claim is too speculative to establish actual prejudice. See Sherlock, 962 F.2d at 1354 (no actual prejudice established by defendant's speculative argument that delay prevented him from serving his sentence concurrently with an earlier sentence).
 
 
 17
 Because Nicholas' arguments failed to establish actual prejudice from the delay, we conclude that the district court did not abuse its discretion by denying the motion to dismiss the indictment. See Gonzalez-Sandoval, 894 F.2d at 1051.[2]
 
 II
 Prior Conviction
 
 18
 We review de novo the voluntariness of a guilty plea, while we review for clear error the district court's factual findings regarding the prior conviction. United States v. Newman, 912 F.2d 1119, 1123 (9th Cir.1990).
 
 
 19
 Under the ACCA, "a federal court is obliged to impose a sentence of fifteen years to life for illegal possession of a firearm by anyone who has three prior convictions for violent felonies...." United States v. Antonie, 953 F.2d 496, 497 (9th Cir.1991), cert. denied, 113 S.Ct. 138 (1992).
 
 
 20
 When the government seeks the inclusion of a prior conviction for enhancement purposes, it must prove the fact of conviction. Newman, 912 F.2d at 1122 (criminal history score computation); United States v. Carroll, 932 F.2d 823, 825 (9th Cir.1991) (same); see also United States v. Ruo, 943 F.2d 1274, 1276 (11th Cir.1991) (ACCA). The burden then shifts to the defendant to show the constitutional invalidity of the prior conviction. U.S.S.G. § 4A1.2, comment. (n. 6); Newman, 912 F.2d at 1122. This can be accomplished through the defendant's testimony, as well as the testimony of others, at an evidentiary hearing or through inferential evidence. Newman, 912 F.2d at 1122. Fed.R.Crim.P. 11 requirements "are not binding on a state court to the extent they are not grounded in the Constitution." Id. at 1123; accord Wilkins v. Erickson, 505 F.2d 761, 765 (9th Cir.1974) (no requirement that state court advise defendant of all his constitutional rights for valid guilty plea).
 
 
 21
 Here, Nicholas introduced a change of plea transcript from his 1985 Oregon state conviction for burglary. The transcript reveals that: (1) Nicholas was represented by counsel; (2) defense counsel submitted a plea petition in which Nicholas waived his constitutional rights; (3) the court asked Nicholas if he had reviewed the petition and understood the nature of the proceeding; (4) Nicholas answered "yes" to both questions; (5) the court established a factual basis for the plea; and (6) Nicholas stated that he was guilty of the charge. Additionally, the government introduced a copy of the plea petition which was signed by Nicholas and his state counsel.
 
 
 22
 At sentencing, Nicholas argued that the 1985 conviction resulted from an involuntary guilty plea because: (1) the state court failed to advise him of his constitutional rights on the record; (2) both the court and defense counsel misstated his name throughout the proceeding; (3) he had to read lips as a result of a severe hearing loss; and (4) he has difficulty reading due to dyslexia.[3] On the basis of the transcript and the plea petition, the district court found by a preponderance of the evidence that Nicholas' plea was knowing and voluntary. We agree.
 
 
 23
 Based upon this record and in the absence of any evidence of specific testimony regarding Nicholas' alleged lack of understanding, we conclude that the district court's finding that he knowingly and voluntarily pled guilty was not clearly erroneous. See Newman, 912 F.2d at 1124; Wilkins, 505 F.2d at 765. Accordingly, the 1985 burglary conviction was properly considered as a predicate conviction for enhancement of Nicholas' sentence under the ACCA.
 
 
 24
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Nicholas' request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We do not consider the denial of the suppression motion because Nicholas does not raise it on appeal
 
 
 [2]
 Because we conclude that Nicholas failed to establish actual prejudice from the delay, we need not reach the second prong of the due process test. See Gonzalez-Sandoval, 894 F.2d at 1051
 
 
 [3]
 Nicholas further argues that the validity of his state plea must be determined under Oregon law, rather than federal law, relying on United States v. Brebner, 951 F.2d 1017, 1021 (9th Cir.1991) (18 U.S.C. § 921(a)(20) requires that predicate convictions for federal firearms statute "be determined in accordance with law of jurisdiction in which proceedings were held"). We disagree. Section 921(a)(20) precludes the use of a prior state conviction which has been "expunged, or set aside, or for which a person has been pardoned or has had civil rights restored." 18 U.S.C. § 924(a)(20). Because Nicholas does not argue that his state conviction should be excluded on the aforementioned grounds, his reliance on Brebner is misplaced. We have consistently held that the validity of a prior state conviction for purposes of calculating a federal sentence is determined under federal constitutional standards, not state law. See Newman, 912 F.2d at 1123; United States v. Pricepaul, 540 F.2d 417, 424-25 (9th Cir.1976); see also Wilkins, 505 F.2d at 763