2 F.3d 1158
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alejandro GARCIA, Defendant-Appellant.
 No. 92-30384.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 3, 1993.
Decided Aug. 10, 1993.
 
 Before: WRIGHT, BEEZER and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Alejandro Garcia appeals his felon in possession of a firearm conviction, 18 U.S.C. Sec. 922(g)(1), and his sentence of 15 years imprisonment and five years supervised release, 18 U.S.C. Sec. 924(e). He argues that (1) his trial counsel rendered ineffective assistance; (2) the court improperly admonished defense counsel; (3) Bureau of Indian Affairs dispatch logs should have been excluded from evidence; (4) newly discovered evidence warranted a new trial; and (5) the court erred in sentencing him to the mandatory minimum. We affirm.
 
 1. Ineffective Assistance of Counsel
 A. Motion in Limine
 
 3
 Garcia argues that his trial counsel rendered ineffective assistance by introducing evidence of his prior convictions. He says that the district court erred, at his first trial which ended in mistrial, in denying a motion in limine to exclude mention of his prior kidnapping conviction. He links this to the ineffective assistance claim by contending that defense counsel's belief that the issue could not be reopened prompted a change in tactics. At the second trial, his attorney changed strategy and offered direct evidence of several prior convictions.
 
 
 4
 We decline to review the motion in limine ruling because this issue is moot and not properly preserved for appeal. Counsel should have made a new motion to exclude mention of prior convictions before or during the second trial. Although an issue raised in an unsuccessful motion in limine may not have to be renewed at trial, this applies only when the court's pretrial ruling is explicit and there is no suggestion that the ruling might be reconsidered. See Palmerin v. City of Riverside, 794 F.2d 1409, 1413 (9th Cir.1986). Where an intervening mistrial occurs, a trial court might reasonably reconsider its earlier ruling.
 
 B. Introduction of Prior Convictions
 
 5
 To prevail on an ineffective assistance claim, Garcia must show deficient performance and prejudice. Strickland v. Washington, 466 U.S. 668, 687-90 (1984). Such claims are more properly raised by collateral attack on the conviction rather than through direct appeal. United States v. Pope, 841 F.2d 954, 958 (9th Cir.1988). We will reach the issue on direct appeal only in the rare case where (1) the representation is so inadequate it obviously denies a defendant his right to counsel or (2) the record is sufficiently developed. United States v. Robinson, 967 F.2d 287, 290 (9th Cir.1992).
 
 
 6
 Neither exception applies here. Even if the defense strategy of introducing prior convictions may seem unwise to the appellant in retrospect, it is not necessarily ineffective. See United States v. Parr-Pla, 549 F.2d 660, 663-64 (9th Cir.) (showing that defendant was on parole could show he had a strong motive to avoid further difficulty with the law), cert. denied, 431 U.S. 972 (1977); United States v. Grummel, 542 F.2d 789, 791 (9th Cir.1976) (eliciting prior narcotics conviction from defendant's mother could improve credibility of her testimony that she knew her son was not involved in drugs at time of arrest), cert. denied, 429 U.S. 1051 (1977); see also United States v. Davis, 929 F.2d 554, 558 (10th Cir.1991).
 
 
 7
 As for the second exception, the record is not sufficiently developed: how and why defense counsel made his tactical decision to introduce the prior convictions remains unclear. We decline to reach this claim on direct appeal.
 
 2. Court Admonishment of Defense Counsel
 
 8
 Defense counsel moved for a mistrial, arguing that an admonition by the trial court impaired his credibility before the jury. On appeal, Garcia also argues that the court's remarks intimidated trial counsel.
 
 
 9
 We review for an abuse of discretion the denial of a motion for mistrial. United States v. Segal, 852 F.2d 1152, 1155 (9th Cir.1988). To warrant reversal, it must appear that improper conduct by the trial court, measured by the entire circumstances of the case, clearly prejudiced the defense. See United States v. Eldred, 588 F.2d 746, 750 (9th Cir.1978).
 
 
 10
 The trial court did not abuse its discretion. Its passing remark about trial counsel's "improper" behavior was neither calculated to disparage trial counsel nor likely to affect the outcome. And the court explained in its final jury instructions that its earlier remarks were not intended as a comment upon the weight of the evidence.
 
 3. Admission of BIA Logs
 
 11
 Garcia contends that the district court erred in admitting the BIA dispatch logs. At trial, he made a foundation objection to their admission, apparently under the business records exception to the hearsay rule. On appeal, he contends for the first time that their admission was precluded by Fed.R.Evid. 612, 803(5) and 803(8)(B).
 
 
 12
 We review for an abuse of discretion the district court's decision to admit evidence under a hearsay rule exception. United States v. Bland, 961 F.2d 123, 126 (9th Cir.), cert. denied, 113 S.Ct. 170 (1992). Evidence barred under one exception may nonetheless be admissible if it comes within another. Senate Comm. on the Judiciary, S.Rep. No. 1277, 93rd Cong.2d Sess. 27 (1974), reprinted in 4 Jack B. Weinstein, Weinstein's Evidence 803-10 (1988). We review for plain error when a defendant did not raise an objection before the district court. United States v. Dischner, 974 F.2d 1502, 1515 (9th Cir.1992), cert. denied, 113 S.Ct. 1290 (1993).
 
 
 13
 The real evidentiary issue here is double hearsay. The statements of the caller, Garrow, as written by BIA dispatcher Robert Wild Gun, were hearsay, as were the logs themselves. Because both the statements and the logs were admissible under hearsay exceptions, however, the district court did not err.
 
 
 14
 Under Fed.R.Evid. 803(1), present sense impressions are exceptions to the hearsay rule. Excited utterances are admissible under Rule 803(2) if the declarant was so excited that he did not reflect on what he was saying. United States v. McLennan, 563 F.2d 943, 948 (9th Cir.1977), cert. denied, 435 U.S. 969 (1978).
 
 
 15
 Garrow's statements during the 911 call qualify as either a present sense impression or an excited utterance. Garcia testified that he pointed the gun at Garrow and the others and that it startled them. Garrow made the statements to Wild Gun, describing Garcia's actions immediately after the events. The record shows that she was excited when she made the calls.
 
 
 16
 The logs of Garrow's statements were admissible under Rule 808(8)(B), the public records exception. To determine admissibility, we focus on the purpose of the exception: to "exclude observations made by officials at the scene of the crime or apprehension, because observations made in an adversarial setting are less reliable than observations made by public officials in other situations." United States v. Gilbert, 774 F.2d 962, 965 (9th Cir.1985). A criminologist's notations on a fingerprint card, id. at 964-65, and a breathalyzer calibration report, United States v. Wilmer, 799 F.2d 495, 500-01 (9th Cir.1986), cert. denied, 481 U.S. 1004 (1987), are admissible because they are "routine and 'ministerial, objective and nonevaluative,' " Wilmer, 799 F.2d at 501 (quoting Gilbert, 774 F.2d at 965).
 
 
 17
 The logs more closely resemble routine, ministerial reports than subjective observations made in an adversarial setting. Wild Gun testified that the logs were the typewritten version of verbatim, handwritten notes of all calls that he received and made during his shift. The logs contain no commentary or opinion by Wild Gun. He testified that he kept them in the ordinary, normal course of his business as a 911 dispatcher. They were admissible under the public records exception.
 
 4. Newly Discovered Evidence
 
 18
 We review for an abuse of discretion the district court's denial of a motion for a new trial based on newly discovered evidence. United States v. Reyes-Alvarado, 963 F.2d 1184, 1188 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992). To warrant a new trial, Garcia must show that
 
 
 19
 (1) the evidence is newly discovered and was unknown to [him] at the time of trial, (2) the evidence is material, not merely cumulative or impeaching, (3) the evidence will probably produce an acquittal, and (4) failure to learn of the evidence sooner was not due to a lack of diligence.
 
 
 20
 United States v. Davis, 960 F.2d 820, 825 (9th Cir.), cert. denied, 113 S.Ct. 210 (1992).
 
 
 21
 He argues that a letter written on July 11, 1992 by Kip Flammond, the owner of Kip's Beer Garden, is newly discovered evidence meriting a new trial. The court did not abuse its discretion. This hearsay evidence does not make incredible the other witnesses' testimony and probably would not produce an acquittal.
 
 5. Sentencing Challenge
 A. Citation Error
 
 22
 Next, Garcia contends that his 15-year sentence is unlawful because the superseding indictment cites a punishment provision, rather than the substantive firearm possession statute. He says that the court instructed the jury to apply Sec. 924(a)(1)(B), which sets a five-year maximum sentence, rather than Sec. 924(e)(1), which establishes a 15-year minimum. He concludes that the jury convicted him of a crime carrying a maximum five-year sentence.
 
 
 23
 Although he says that he is challenging his sentence, his argument appears to be an attack on the indictment. An indictment must "give a defendant notice of the charge so that he may defend or plead his case adequately." United States v. James, 980 F.2d 1314, 1316 (9th Cir.1992). An incorrect statutory citation to a statute's penalty rather than substantive section is harmless unless it prejudices the defendant. United States v. Vroman, 975 F.2d 669, 670-71 (9th Cir.1992), cert. denied, 113 S.Ct. 1611 (1993); see Fed.R.Crim.P. 7(c)(3).
 
 
 24
 Garcia does not show prejudice. The indictment mirrored Sec. 922(g)(1), setting forth each element of the crime. It informed him about the conduct he was being accused of so that he could prepare adequately his defense. Although the court referred to Sec. 924(a)(1)(B) during its instructions, the elements it listed were those of the substantive offense, Sec. 922(g)(1). The improper citation was inconsequential. And the court informed the jurors that any sentencing considerations were for the court, not for them.
 
 
 25
 B. Notice of Intent to Seek Enhanced Sentence and Relevant Prior Convictions
 
 
 26
 Garcia maintains that the government never gave him clear and adequate notice of its intent to seek an enhanced sentence nor of what convictions it would rely on. His own words rebut his first contention. In his comments and objections to the presentence report, he argued that he should not be subject to an enhanced sentence.
 
 
 27
 The government need not list the prior convictions in the indictment. United States v. Alvarez, 972 F.2d 1000, 1006 (9th Cir.1992) (per curiam), cert. denied, 113 S.Ct. 1427 (1993). It also need not allege the felonies in a formal notice pleading. Id. Due process "requires only reasonable notice of and an opportunity to be heard concerning the prior convictions." United States v. Craveiro, 907 F.2d 260, 264 (1st Cir.) cert. denied, 498 U.S. 1015 (1990); see Oyler v. Boles, 368 U.S. 448, 452 (1962).
 
 
 28
 The government listed one of Garcia's qualifying convictions in the indictment but never formally notified him of the others upon which it intended to rely in seeking an enhanced sentence. Cf. Alvarez, 972 F.2d at 1006 (government response to sentencing objections "clearly informed" Alvarez of relevant prior convictions). But Garcia had constructive notice. The four relevant felonies were listed in the presentence report, prepared on July 31, 1992, a little less than one month before sentencing. Although he did not know which three of the four the government was relying upon, he did object to one of them as unconstitutional. We find no due process violation.
 
 
 29
 C. Constitutional Validity of Armed Robbery Conviction
 
 
 30
 Garcia asserts that his 1977 armed robbery conviction could not be used as a predicate offense because his attorney had not appealed his conviction. He frames this as a denial of his constitutional right to appeal; however, because he did appeal his sentence, we interpret this as an argument that he received ineffective assistance of appellate counsel. He also asserts that the government failed to meet its burden to prove the constitutional validity of the 1977 conviction.
 
 
 31
 We have not addressed whether, under Sec. 924(e), the government must prove the constitutional validity of a prior conviction. Cf. United States v. Newman, 912 F.2d 1119, 1122 (9th Cir.1990) (defendant has burden of proving constitutional invalidity of prior conviction used in criminal history score calculation under the Sentencing Guidelines). But other circuits have held that once the government proves the fact of conviction, the burden shifts to the defendant to prove the constitutional invalidity of it. United States v. Wicks, No. 92-6070, 1993 U.S.App. LEXIS 13134, at * 47 (10th Cir. June 4, 1993); United States v. Ruo, 943 F.2d 1274, 1276 (11th Cir.1991); United States v. Gallman, 907 F.2d 639, 643 (7th Cir.1990), cert. denied, 111 S.Ct. 1110 (1991). Garcia must meet his burden by a preponderance of the evidence. See Newman, 912 F.2d at 1122.
 
 
 32
 At sentencing for his felon-in-possession conviction, Garcia testified that his attorney appealed only his sentence resulting from the 1977 conviction and not the conviction itself, as he requested. On cross-examination, he testified that he had grounds for appeal based on (1) the prior inconsistent statement of a witness regarding the type of gun used in the robbery and (2) the fact that the gun was found in someone else's house. This does not show ineffectiveness. A reasonably competent attorney may have determined that the issues were frivolous or meritless and that the only legitimate basis for appeal was Garcia's sentence. Garcia has not met his burden of proving that his 1977 conviction was constitutionally invalid.
 
 
 33
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3