[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-14497

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ISAAC D. HARVIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:19-cr-00075-JLB-NPM-1

_____

Before JORDAN, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Isaac Harvin, proceeding through counsel, appeals his conviction and sentence for possession of a firearm and ammunition by a felon. Harvin has moved for summary reversal in light of the Supreme Court's decision in *Erlinger v. United States*, 144 S. Ct. 1840 (2024), arguing that the district court reversibly erred in applying a sentencing enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), because a jury did not determine whether the predicate offenses for the enhancement occurred on different occasions. The government does not oppose Harvin's motion.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1161–62 (5th Cir. 1969).

We review a preserved constitutional challenge to a sentence *de novo*. *United States v. Nealy*, 232 F.3d 824, 829 (11th Cir. 2000).

The ACCA increases the penalty for a conviction for being a felon in possession of firearm, in violation of 18 U.S.C. § 922(g),

from a maximum sentence of 120 months' imprisonment to a mandatory-minimum sentence of 180 months' imprisonment when the defendant has 3 or more qualifying convictions for offenses committed on different occasions. *See* 18 U.S.C. § 924(e)(1).

In *Erlinger*, the Supreme Court held that the Fifth and Sixth Amendments require that any fact used to increase the range of penalties to which a criminal defendant is exposed, including whether a defendant's past offenses were committed on separate occasions for ACCA purposes, must be either freely admitted by the defendant in a guilty plea or resolved by a jury beyond a reasonable doubt. 144 S. Ct. at 1851–52. It expressly stated that "[j]udges may not assume the jury's factfinding function for themselves, let alone purport to perform it using a mere preponderance-of-the-evidence standard." *Id.* at 1851. The Court recognized that, to determine what legal elements attached to a defendant's prior offenses, the district court may need to "consult *Shepard* documents," such as "judicial records, plea agreements, and colloquies between a judge and the defendant," to determine the jurisdiction and the date of those prior offenses. *Id.* at 1854–55.

"In cases of constitutional error where the issue has been properly preserved, the government has the burden of proving that the error was harmless beyond a reasonable doubt." *United States v. Perez*, 86 F.4th 1311, 1320 (11th Cir. 2023). However, "[s]tructural errors are structural defects . . . [that] defy analysis by harmless-error standards," and, thus, "structural errors require automatic reversal." *United States v. Troya*, 733 F.3d 1125, 1134 (11th

Cir. 2013).  No decision of the Supreme Court or this Court has addressed whether an *Erlinger* error is structural or properly analyzed under a harmless-error standard. [1]

The ACCA does not create a separate offense, but merely provides for sentencing enhancements.  *United States v. Ruo*, 943 F.2d 1274, 1275 (11th Cir. 1991).

Here, we grant Harvin's motion for summary reversal. There can be no substantial question as to whether Harvin's judgment should be vacated and his case remanded for resentencing because his ACCA-enhanced sentence was imposed in violation of *Erlinger*.  *See Groendyke Transp., Inc.*, 406 F.2d at 1161–62; *Erlinger* 144 S. Ct. at 1851–52.  Furthermore, time is of the essence in Harvin's appeal because he already has served almost 60 months' imprisonment, more than the upper bound of the unenhanced guideline range of imprisonment of 37 to 46 months. *See Groendyke Transp., Inc.*, 406 F.2d at 1161–62.

An *Erlinger* error occurred in Harvin's sentencing because a jury did not find a beyond a reasonable doubt that Harvin's ACCA predicate offenses were committed on different occasions and Harvin did not admit to either the separate "on or about" offense dates alleged in charging documents for each of his prior offenses or to the elements of a § 924(e) violation.  *See Erlinger* 144 S. Ct. at 1851–52.  The "different occasions" requirement of the ACCA was not alleged in the indictment or the notice of penalties, and

---

[1] We need not answer this question here, as we explain below.

Harvin did not admit that he committed his prior offenses on different occasions or that he met the requirements for an ACCA-enhanced sentence at the change-of-plea hearing. While Harvin pleaded guilty to an indictment that alleged a violation of § 924(e), this statute merely provides for sentencing enhancements and does not define a separate offense of conviction. *See Ruo*, 943 F.2d at 1275. Harvin explicitly reserved the right to challenge his designation as an armed career criminal at sentencing when entering his plea, and, at the sentencing hearing, the court made clear that it applied a preponderance-of-the-evidence standard to judicially find that Harvin's offenses took place on different occasions. This was a square violation of *Erlinger*'s holding that the Fifth and Sixth Amendments require either an admission or a jury finding beyond a reasonable doubt that ACCA-predicate offenses were committed on separate occasions and that judicial factfinding under a preponderance-of-the-evidence standard is unacceptable. *See Erlinger* 144 S. Ct. at 1851–52.

While the Supreme Court and this Court have not made clear whether an *Erlinger* error is structural, that issue does not preclude summary reversal in the instant appeal because, even if the error is not structural, the government cannot reasonably claim that the *Erlinger* error was harmless beyond a reasonable doubt. *See Troya*, 733 F.3d at 1134; *Perez*, 86 F.4th at 1320. Harvin fully preserved the *Erlinger* issue for *de novo* review and had only three prior convictions that could potentially qualify as predicate offenses for the ACCA enhancements, all of which were alleged to have

occurred "on or about" dates close in time, according to charging documents.

Because the "on or about" dates of Harvin's prior convictions are so similar, the charging documents do not establish beyond a reasonable doubt that all three offenses were temporally distinct. And, if two of Harvin's three convictions were collapsed into a single offense, he could no longer qualify as an armed career criminal. *See* 18 U.S.C. § 924(e)(1). Thus, if the *Erlinger* error is structural, Harvin is entitled to summary reversal on that basis, and, if the error is not structural, he is still entitled to summary reversal because the government cannot reasonably claim that the *Erlinger* error was harmless beyond a reasonable doubt when the charging documents do not clearly establish that his predicate offenses occurred on different occasions. *See Troya*, 733 F.3d at 1134; *Perez*, 86 F.4th at 1320.

Accordingly, because Harvin's position is clearly correct as a matter of law, summary reversal is warranted.

**REVERSED.**