UNITED STATES of America,
Plaintiff-Appellee,

v.

Fulgencio PANTOJA–SOTO,
Defendant-Appellant.

No. 84–5232
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Aug. 14, 1985.

Theodore J. Sakowitz, Federal Public Defender, Miami, Fla., for defendant-appellant.

Stanley Marcus, U.S. Atty., Miami, Fla., Linda Hertz, Sonia O'Donnell, Jon May, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

**1236**

Before RONEY, FAY and JOHNSON, Circuit Judges.

PER CURIAM:

In this case, we hold that police officers had reasonable suspicion to make a *Terry* stop of an individual leaving an apartment which the police had under surveillance and for which they were obtaining a search warrant for weapons and contraband. Convicted on two counts of possession of and conspiracy to possess firearms and possession of a silencer (18 U.S.C.A. § 1202(a) Appendix I; 26 U.S.C.A. §§ 5861(d) and 5871), defendant appeals as unconstitutional the search which revealed the weapons. We affirm.

■ The police, in good faith, asserted probable cause to search an apartment they had under surveillance. They had applied for, but had not yet obtained, a search warrant when they observed defendant leave the apartment, go to a truck parked nearby, roll up the driver's window, close the truck and return to the apartment. About 15 minutes later he left the apartment, returned to the truck with a female passenger, opened the hood, closed it, got in the truck and drove off. He was stopped by the police. Upon exiting the vehicle, he was seen to have a bulge underneath his shirt which was revealed by a pat-down to be an illegally-concealed weapon.

These facts established that the stop in this case was a *Terry* stop requiring only reasonable suspicion. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). A detective testified that defendant noticed the surveillance team, that he stared at them periodically and made eye contact with them while he was out at his truck in front of the residence being surveilled. The detective stated defendant first came out to his truck, closed the window and locked the door, and while he was doing this he noticed the surveillance team and looked at them several times while completing the lock-up procedures. Defendant had been seen leaving the apartment being surveilled. Only 15 minutes later defend-

ant and a woman returned to the truck that defendant had just secured. The woman got into the passenger side of the truck while defendant went directly to the front and lifted the hood. While the hood was open defendant looked around the side of the hood at the surveillance vehicle. The two surveilling officers stated that defendant was out of their line of vision while the hood was raised since their vehicle was positioned behind defendant's. One officer was aware that weapons and contraband were the subject of the search warrant to be served at the apartment. Defendant's conduct together with the facts officers knew from an informant were sufficient for reasonable suspicion of criminal activity.

■ The fact that police pulled their weapons when making the stop did not convert the stop into an arrest requiring probable cause. The officers were advised that the occupants of the vehicle to be stopped could be armed and dangerous. For purposes of safety, officers are permitted to make an investigatory stop with their weapons drawn without escalating the stop into a full arrest. *United States v. Aldridge,* 719 F.2d 368, 370–71 (11th Cir.1983); *see also United States v. Roper,* 702 F.2d 984, 987–988 (11th Cir.1983).

■ Once defendant exited the vehicle, the officer who stopped him saw a bulge under his shirt at the waist warranting a pat-down for weapons to ensure the officer's safety. Once it was determined that the bulge was a weapon, there was sufficient evidence to justify an arrest of defendant for carrying a concealed weapon.

■ Although the district court's decision that defendant had no standing to object to a search under the hood of the vehicle appears to be doubtful, it seems clear that the officers had probable cause to search the vehicle without a warrant under the exigent circumstances of the arrest.

A weapon was found on defendant, a warrant was being obtained for weapons at the address from which defendant had just

come, and defendant had been seen opening the hood of the truck and staring at the surveilling agents. A .38 caliber revolver was found beneath the seat on the passenger side of the vehicle. The officers had observed defendant go to the truck, return to the apartment, look at the surveillance vehicle, open the hood, look from the side of the hood and drive away. These facts furnished sufficient probable cause for a search under the hood of the vehicle. Once probable cause was established for the search, the entire vehicle was properly subject to the search. *United States v. Ross*, 456 U.S. 798, 825, 102 S.Ct. 2157, 2173, 72 L.Ed.2d 572 (1982).

AFFIRMED.