# UNITED STATES COURT OF APPEALS
## FIFTH CIRCUIT

————————

No. 98-50645

————————

NATCO, INC, doing business as Giorgio's of San Antonio;
RIVER CITY CABARET, LTD,

Plaintiffs-Counter Defendants-Appellants,

EDMUND BECK;  JOHN BARRY GUTIERREZ, doing business as
John Barry's Design Construct,

Plaintiffs-Appellants,

versus

CITY OF SAN ANTONIO;  NELSON WOLFF, In his Official Capacity;
WILLIAM THORNTON, Dr, Mayor of the City of San Antonio, In his
Official Capacity;  JACK JUDSON, Chairman of the Historical Review
Commission of the City of San Antonio in his Official Capacity and
Individually;  ANN MCGLONE, Chief Historical Preservation Officer of
the City of San Antonio in her Official Capacity and Individually;  JOE
MORAN, City Official in Charge of Issuing Building Permits for the City
of San Antonio in his Official Capacity and Individually;  ALFRED
MARTINEZ, Chief Building Inspector of the City of San Antonio,
Officially and in his Individual Capacity;  GENE CARMAGO,
Department Head of the City of San Antonio's Buildings and Inspection
Department, Officially and in his Individual Capacity,

Defendants-Counter Plaintiffs-Appellees.

———————————————————————————

Appeal from the United States District Court
for the Western District of Texas
(SA-97-CV-188-HG)

———————————————————————————

June 2, 1999

Before REAVLEY, JOLLY, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants, Natco, Inc., d/b/a Giorgio's of San Antonio, and River City Cabaret Ltd.

—————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(collectively "NATCO") appeal the district court's grant of summary judgment in favor of the City of San Antonio ("the City") and individual defendants Nelson Wolff, Dr. William Thornton, Jack Judson, Ann McGlone, Joe Moran, Alfred Martinez, and Gene Camargo (collectively "the individual defendants"). We affirm.

I

In 1995, the City Council for the City of San Antonio enacted Ordinance #82135. Ordinance #82135 regulates the locations available for the operation of sexually oriented businesses in San Antonio, and specifically prohibits sexually oriented businesses from operating within 1,000 feet of certain protected uses, primarily residential property, churches and schools. As a result of the application of Ordinance #82135 to NATCO's businesses, NATCO initiated suit in state court against the City of San Antonio, two former mayors, three City employees, and against the Chairman and the Secretary of San Antonio's Historical Design and Review Commission. NATCO claimed that the Ordinance was unconstitutional,[1] and that the individual defendants had conspired to prevent and delay NATCO from obtaining the licenses and permits necessary to operate one of its sexually oriented businesses, the River City Cabaret. The City and the individual defendants removed the suit to federal court.

Before the district court, the City and the individual defendants moved for summary judgment. The district court granted this motion. The district court noted that Ordinance #82135 was unconstitutional because it "did not provide a time frame in which the city must rule on the application of [a] sexually oriented business to remain open." The district court concluded, however, that, subject to this deficiency, Ordinance #82135 was valid, and that all of NATCO's other

---

[1]    NATCO offered sundry reasons for Ordinance #82135's unconstitutionality. Specifically, NATCO alleged that Ordinance #82135 was void and/or unconstitutional because (1) the City failed to give the required statutory notice to property owners affected by the passage of the Ordinance; (2) the Ordinance failed to specify time limits within which city officials are required to issue permits to operators of sexually oriented businesses; (3) the City discriminatorily enforced Ordinance #82135 against NATCO;  (4) the City failed to enact any criteria for determining the amortization process; and (5) the Ordinance disbursed NATCO's businesses to areas within Bexar County where it is impossible to operate.

constitutional claims failed. The district court further held that, with respect to NATCO's conspiracy claim, the individual defendants were entitled to absolute, qualified, and/or official immunity. Finally, the district court ordered each party to bear its own costs. NATCO timely appealed.

We review a grant of summary judgment *de novo*. *See United States v. Johnson*, 160 F.3d 1061, 1063 (5th Cir. 1998). Summary judgment is proper when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Substantive law identifies those facts that are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202, 211-12 (1986). The inquiry at the summary judgment stage of litigation centers on whether the record evidence suffices for a reasonable fact-finder to return a verdict in favor of the nonmoving party. *See id.* In reviewing the district court's grant of summary judgment, we only consider the evidentiary record before the district court. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131-32 n. 10 (5th Cir. 1992). We draw all reasonable inferences from the evidence in favor of the nonmoving party, but we refrain from weighing the evidence or making credibility determinations. *See Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 468-69, 112 S. Ct. 2072, 2083, 119 L. Ed. 2d 265, 284-85 (1992).

NATCO contends that the district court erred in not granting its cross-motion for summary judgment. According to NATCO, because the district court held that the licensing provisions of Ordinance #82135 were unconstitutional, NATCO was entitled to summary judgment.

Our independent review of the record shows that, before the district court, the City conceded that the licensing provisions of Ordinance #82135 were unconstitutional. In an unrelated case, a district court judge had issued an order finding these provisions unconstitutional. As a result of this other case, the City stopped enforcing the Ordinance. The record shows that the City has not enforced the licensing provisions of Ordinance #82135 against NATCO, and therefore, on this issue there is no case or controversy. *Cf. Poe v. Ullman*, 367 U.S. 497, 508, 81 S. Ct. 1752, 1758, 6 L. Ed. 2d 989, __ (1961) ("The fact that Connecticut has not chosen to press the enforcement of this

statute deprives these controversies of the immediacy which is an indispensable condition of constitutional adjudication. This Court cannot be umpire to debates concerning harmless, empty shadows."). The district court did not err when it declined to grant NATCO summary judgment.

NATCO also argues that, because the district court found the licensing provisions of Ordinance #82135 unconstitutional, NATCO was the "prevailing party." NATCO asserts that, as the prevailing party, it is entitled to attorney's fees under 42 U.S.C. § 1988. A party that has "prevailed" in an action brought under certain civil rights statutes becomes entitled to an award of attorney's fees under 42 U.S.C. § 1988. To qualify as the "prevailing party," the plaintiff "must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Texas State Teachers v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792, 109 S. Ct. 1486, 1493, 103 L. Ed. 2d 866, __ (1989). In this case, because the City was not enforcing the licensing provisions of Ordinance #82135, NATCO has not demonstrated that the district court's decision changed the legal relationship between NATCO and the City. Accordingly, the district court did not abuse its discretion when it refused to grant NATCO attorney's fees.

NATCO further contends that the district court erred in finding that the location restrictions in Ordinance #82135 were content-neutral time, place and manner restrictions. NATCO argues that the City failed to "advance any evidence whatsoever that the ordinance was in fact content-neutral." NATCO also asserts that the district court erroneously placed the burden of proof on NATCO to show the existence of adequate alternative avenues of communication.

Ordinance #82135 is properly analyzed as a form of time, place and manner regulation. *See Lakeland Lounge of Jackson, Inc. v. City of Jackson*, 972 F.2d 1255, 1257 (5th Cir. 1992) (noting that an ordinance that limits the areas of a city in which adult businesses may operate is properly analyzed as a time, place and manner regulation). The Ordinance presumptively violates the First Amendment unless it is "designed to serve a substantial governmental interest," and does not "unreasonably limit alternative avenues of communication." *City of Renton v. Playtime Theatres, Inc.*, 475 U.S. 41, 47, 106 S. Ct. 925, 928, 89 L. Ed. 2d 29, __ (1986). The City bears the burden

of justifying the challenged Ordinance. *See J&B Entertainment, Inc. v. City of Jackson*, 152 F.3d 362, 370 (5th Cir. 1998).

The City has justified Ordinance #81235 as fulfilling a substantial governmental interest if it has shown that the City passed the Ordinance to control bad "secondary effects" associated with sexually oriented businesses. *See Lakeland Lounge*, 973 F.2d at 1257 ("Local governments can restrict adult businesses in order to control the bad 'secondary effects'"). We first note that the preamble to the Ordinance explains with great detail and specificity the secondary effects that the Ordinance was designed to address. *Cf. J&B Entertainment*, 152 F.3d at 374 (stating that "the mere incantation of the words 'secondary effects' may not save a statute 'formulated without specific attention to specific secondary effects'"). Moreover, the record evidence shows that the City relied on studies provided by the City Council relating to secondary effects, and that it obtained legal advice before passing the Ordinance. Accordingly, we find that the City has justified Ordinance #82135 as fulfilling a substantial government interest.

We also find that the City has met its burden to show that alternative avenues of communication exist. Although NATCO claims that Ordinance #82135 disburses sexually oriented businesses to areas in Bexar county where it is impossible to operate, the record evidence shows that the City has granted permits to five sexually oriented businesses allowing them to operate indefinitely. NATCO has not offered any evidence that counters this summary judgment evidence.

Finally, NATCO contends that the individual defendants reached a tacit agreement to prevent and delay NATCO from obtaining the licenses and permits necessary to operate one of its sexually oriented businesses. NATCO, however, has not offered summary judgment evidence sufficient for a reasonable fact-finder to find that the individual defendants acted in concert to deprive NATCO of a constitutional right. *See Kerr v. Lyford*, 171 F.3d 330, 340 (5th Cir. 1999) ("The elements of civil conspiracy are (1) an actual violation of a right protected under § 1983 and (2) actions taken in concert by the defendants with the specific intent to violate the aforementioned right."). Moreover, even if the evidence offered by NATCO did support a finding of conspiracy, we agree with the district

court that the individual defendants are entitled to absolute, qualified and/or official immunity.

## III

For the aforementioned reasons, we AFFIRM.